UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAPTIVA RX, LLC dba Captiva Pharma

    Plaintiff,

v.     Case No: 2:13-cv-889-FtM-29DNF

JAMES JOSEPH DANIELS, JR.,

    Defendant.

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on December 24, 2013.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 4.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that it is a limited liability company formed and existing under the laws of the State of Florida with a principal place of business in Florida. (Doc. #1, ¶ 6.) Plaintiff does not identify the members or the citizenship of the individual

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

members of the limited liability company, and a limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Therefore, the Court cannot determine the citizenship of plaintiff, or that diversity of jurisdiction is present.

Plaintiff further alleges that defendant James Joseph Daniels, Jr. is a "resident" of the State of Georgia and that he "resides" in Georgia. (Doc. #1, ¶ 7.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege the citizenship of the individually named defendant. Therefore, no diversity of jurisdiction is alleged.

2

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

2. Defendant's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. #8) is **DENIED** as moot.

3. The parties' Stipulation and Joint Motion for Entry of Agreed Order Extending Deadline for Counsel to Meet in Person Pursuant to Local Rule 3.05(c)(2)(B) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of February, 2014.

                                                                                  /s/ John E. Steele
                                                                                  JOHN E. STEELE
                                                                                  UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

3